DEN, ON THE DEMISE OF THE CHEWS, v. DRIVER.

1. A juror may be admitted to prove improper attempts by a party to influence the minds of the jury.

2. If persons claiming under the same title with a party, in his presence, and without any interference by him, endeavor to prejudice a juror in favor of his title, a verdict for him will be set aside.

*Stockton*, for the plaintiff, had obtained a rule upon the defendant to show cause why the verdict in this case should not be set aside, on the affidavit of Jacob Albertson, one of the jurors, which stated some misconduct in the defendant previous to the trial, tending to influence said Albertson.

*Leake* objected to receiving the affidavit of a juror against his own verdict. He cited *Rex* v. *Thirkell*, 3 *Burr.* 1696; *Rex* v. *Woodfall*, 5 *Burr.* 2661, 2667; *Vaise* v. *Delaval*, 1 *T. R.* 11.

N

Den, ex dem. Chews, v. Driver.

PER CUR. The cases cited go to prove what we feel no disposition to controvert, and what we have uniformly recognized, that a juror shall not be permitted to explain or contradict a verdict in which he has himself joined, or to allege any misbehavior in the jury at the time of giving it; but this rule does not stand in the way of his proving any fact of misbehavior in the party, tending to pervert the purity of justice, or to influence in an improper manner the minds of the jurors. Let the affidavit be read.

[167] *Stockton* and *Woodruff*, in support of the rule, cited *Wynn* v. *Bangor*, Com. Rep. 602; *Herbert* v. *Shaw*, 11 *Mod.* 111, *pl.* 7; *Snell* v. *Timnell*, 1 *Str.* 643; *King* v. *Soliffe*, 4 *T. R.* 285, 289; 5 Com. Dig. 535, title "*Pleader*," § 44; 2 *Ventris* 173; *Trials per Pais*, 253-4-5-6-7.

*Leake*, contra—1 *Bl. Rep.* 48, 348; 2 *Wils.* 306.

PER CUR. It appears by the affidavits that Tatem, Sparks and Driver all hold under the same title, against the lessors of the plaintiff, and that several actions of ejectment were pending against them, all founded upon one deed, under which the plaintiff claims, and which these different defendants allege to be a forgery. Under these circumstances, after the jury in the present case was struck, of whom Albertson was one, Driver, Tatem and Sparks go together to the house of Albertson to inform him, as Tatem swears, that he was on the jury. When they arrived there, instead of merely giving the information which they had gone to communicate, they asked him about making a plow; and upon his inquiring where they had been, they told him to strike a jury, and Sparks told him he was one, adding: "Jacob, I always thought you a whig; you will now have an opportunity to show yourself." Tatem, more on his guard, added: "I do not care to say much, but it was a treacherous piece of business," alluding, doubtless, to the deed under which the Chews claimed. Driver himself said nothing upon the subject to

Albertson, but he heard what was said, and made no attempt to interfere.

It is plain the design was to prejudice the juror against Chew's deed; and though Driver himself said nothing, yet what was said must be considered as the act of all. They had no business to inform Albertson that he was on the jury; there is a proper officer for that—much less had they a right to express themselves as they did. It is wrong in all cases, and has a dangerous tendency for a party to speak to a juror upon the merits of his case. In *McDonald's case, ante* 6, we quashed the array because he had told a person to request [168] the deputy sheriff to summon a jury from a particular quarter. We then declared our disapprobation of any interference, and our determination to preserve the trial by jury pure.

Rule absolute.

SMITH, J., dissented.

CITED *in Den* v. *Van Cleve*, 2 *South.* 652; *Den* v. *Morris*, 3 *Hal.* 213.